IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ebony Cue,  ) | Civil Action No. 3:22-cv-02340-JFA-PJG |
| )  Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER OF DEFENDANT** |
| ) | |
| Branch Banking and Trust d/b/a Truist ) | |
| Bank, ) | |
| )  Defendant. ) | |

Defendant Truist Bank, incorrectly styled Branch Banking and Trust d/b/a Truist Bank ("Truist"), answers and responds to the Plaintiff's Complaint as follows:

**FOR A FIRST DEFENSE**

1. All allegations not specifically admitted are denied.

2. Paragraph 1 is admitted upon information and belief.

3. Answering Paragraph 2, Truist admits that it is registered to do business in South Carolina and further states that it is organized under the laws of the State of North Carolina.

4. Answering Paragraph 3, Truist asserts that, upon removal, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

5. Answering Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14, Truist lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies all allegations contained within those paragraphs.

6. Answering the incorporated allegations of Paragraph 15, Truist incorporates the preceding admissions and denials as if fully restated.

7. Truist denies the allegations of Paragraphs 16, 17 (including all subparts), and 18.

8. Answering the incorporated allegations of Paragraph 19, Truist incorporates the preceding admissions and denials as if fully restated.

9. Truist denies the allegations of Paragraphs 20, 21, and 22.

10. Answering Paragraph 23, Truist lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies all allegations contained within the paragraph.

11. Truist denies the allegations of Paragraphs 24 and 25 and denies all allegations under the WHEREFORE provision of Plaintiff's Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE
(Rule 12(b)(6), FRCP)

12. The preceding paragraphs are incorporated by reference.

13. The Complaint fails to set forth claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), FRCP.

## FOR A SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

14. The preceding paragraphs are incorporated by reference.

15. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by the equitable doctrine of laches.

## FOR A THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

16. The preceding paragraphs are incorporated by reference.

17. Plaintiff either has not suffered damages which can be recovered in this matter or has failed to mitigate her damages.

## FOR A FOURTH AFFIRMATIVE DEFENSE
(Lack of Proximate Cause)

18. The preceding paragraphs are incorporated by reference.

19. To the extent Plaintiff has suffered any loss or damage (which is denied), such loss or damage was not proximately caused by any action or inaction of Truist.

### FOR A FIFTH AFFIRMATIVE DEFENSE
(Third Parties' Conduct)

20. The preceding paragraphs are incorporated by reference.

21. Any harm Plaintiff allegedly suffered resulted from acts or omissions of third parties, such as law enforcement, over whom Truist had no control or who were operating beyond the scope of authority of Truist.

### FOR A SIXTH AFFIRMATIVE DEFENSE
(Election of Remedies)

22. The preceding paragraphs are incorporated by reference.

23. Plaintiff's claims for negligence and malicious prosecution arise from the same set of allegations, and therefore, the doctrine of the election of remedies prohibits Plaintiff from recovering on both theories.

### FOR A SEVENTH AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

24. The preceding paragraphs are incorporated by reference.

25. Truist's conduct does not give rise to liability for punitive damages under the laws controlling this action. Additionally, the imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and South Carolina Constitutions. With respect to Plaintiff's demand for punitive damages, Truist specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Ind., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### FOR AN EIGHTH AFFIRMATIVE DEFENSE
(Statutory Caps of Punitive Damages)

26.    The preceding paragraphs are incorporated by reference.

27.    Truist will show that to the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in Section 15-32-530 of the South Carolina Code (Supp. 2019), and this defendant plead and incorporate the terms of that statute as fully and effectually as if set forth verbatim herein.

### FOR A NINTH AFFIRMATIVE DEFENSE
(Superseding and/or Intervening Acts or Cause)

28.    The preceding paragraphs are incorporated by reference.

29.    Plaintiff's claims against Truist are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were due to or caused by preceding, superseding, and/or intervening acts, omissions, or occurrences beyond the control of Truist, such that the preceding, superseding, and/or intervening acts, omissions, or occurrences are the proximate cause of any damages allegedly suffered by Plaintiff, as a matter of law.

### FOR A TENTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

30.    The preceding paragraphs are incorporated by reference.

31.    To the extent Truist was negligent (which is denied), Plaintiff's recovery should be reduced or barred by any comparative fault of Plaintiff as may be established at trial.

### FOR AN ELEVENTH DEFENSE
(Reservation and Non-Waiver of Defenses)

32.    The preceding paragraphs are incorporated by reference.

33.     Truist reserves all other defenses available to it under the applicable statutes or common law and the right to assert additional defenses as they become apparent through the investigation process or discovery.

WHEREFORE, having fully answered the Complaint, Defendant Truist prays that Plaintiff's Complaint be dismissed with prejudice and for such other and further relief as the Court deems just and proper.

ROBINSON GRAY STEPP & LAFFITTE, LLC

By: s/Paul H. Hoefer
Paul H. Hoefer
Fed. I.D. No. 10437
phoefer@robinsongray.com
Jasmine D. Smith
Fed I.D. No. 12887
jsmith@robinsongray.com
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400 Telephone
(803) 929-0300 Fax

**Attorneys for Defendant**

Columbia, South Carolina
July 27, 2022